UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-against-

PEDRO GUZMAN,
a/k/a "Franklyn," and
EDWIN HENRIQUEZ,
a/k/a "Carlos,"

Defendants.

---

DECLARATION IN SUPPORT OF
OMNIBUS MOTION

S13 06 Cr. 1014 (AKH)

ALAN R. KAUFMAN declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a member of Kelley Drye & Warren LLP and along with my partner Don Buchwald represent Edwin Henriquez ("Henriquez"), having recently replaced Alexander Eisemann, Esq. as Henriquez' counsel.[1] I submit this Declaration in support of Henriquez' motion, which seeks an order (i) directing the Government to provide certain discovery and particulars to Henriquez; and (ii) directing the Government to provide certain *Brady* material to Henriquez.

2. Henriquez is charged in Counts One, Three and Five of Indictment S13. Count One accuses Henriquez, along with his co-defendant, Pedro Guzman, of conspiring to distribute and possess with intent to distribute one kilo and more of heroin, in violation of 21 U.S.C. § 846. Count Three charges Henriquez with the substantive crime of distributing and

---

[1] Although the initial indictment against Henriquez in this case (Indictment S4) was filed on or about January 4, 2007, Henriquez was not arrested until September 10, 2007. On September 11, 2007, Mr. Eisemann was appointed to represent him. Henriquez' trial in this matter is scheduled to commence on December 3, 2007, and Mr. Eisemann was unable to continue as Henriquez' attorney due to a scheduling conflict, necessitating his replacement as Henriquez' counsel. On October 10, 2007, this Court so ordered Mr. Eisemann's request to be relieved as counsel, and appointed my partner, Don Buchwald, a member of the CJA panel, and myself, to represent Mr. Henriquez.

possessing with intent to distribute one kilo and more of heroin in August 2005, in violation of 21 U.S.C. § 841 (a) (1) and (b)(1)(A). Finally, Count Five charges Henriquez with having carried or used a firearm during the commission of, and possessing in furtherance of, the conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

**Bill of Particulars and Discovery Issues**

3. Soon after replacing Mr. Eisemann as Henriquez' counsel, in a letter dated October 23, 2007, I made a comprehensive request for a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure; for discovery pursuant to Rule 16; and for information called for by *Brady v. Maryland*, 373 U.S. 83 (1963). A copy of that letter is attached as Exhibit A.

4. The Government responded by letter dated November 2, 2007 from AUSAs Marissa Molé and Christopher LaVigne. A copy of the November 2nd letter is attached as Exhibit B. Generally stated, the Government has declined to provide information which is vital to Henriquez' defense.

5. In addition to the correspondence described above, I, along with my partners, Don Buchwald and James Keneally, have had discussions with the Government in an effort to resolve our differences concerning these issues. However, as set forth below, the following issues remain outstanding.

6. **Bill of Particulars Request #2.** With respect to Count Five, Henriquez has requested the dates, times and locations at which he is alleged to have used, carried or possessed a firearm (see Request #2 of Exhibit A). The Government has informed us that with respect to Count Five, it will allege that Henriquez carried (as opposed to "used") a firearm, and further that he actually (as opposed to constructively) possessed a firearm, although it would not rule out

alleging constructive possession as well.[2] However, the Government has declined to provide Henriquez with any information regarding the dates, times and locations at which he is alleged to have carried or possessed a firearm, other than to say that these acts occurred at some point during the time period of August 2003 through August 2005 during which Henriquez is alleged to have been a member of the narcotics conspiracy in this case. This information is particularly crucial in this case, since there is a possibility that Henriquez could interpose an alibi defense, depending on the dates or more precise time periods involved. Without knowing the dates or more precise time periods in which the Government alleges he carried or possessed a firearm, there is no practical way for Henriquez to prepare such a defense.

7. **Bill of Particulars Request #5.** Henriquez has asked the Government to "identify the approximate time period during which it will be alleged that defendant worked at the Fenton Avenue location, or any other location." The Government has advised that it will allege that Henriquez, in addition to working as a member of the narcotics conspiracy at a location on Fenton Avenue in the Bronx, also worked at one or more locations as part of the conspiracy, and named those locations in its November 2nd letter. However, as with its response to Bill of Particulars Request #2, the Government has failed to identify the specific time periods during which Henriquez is alleged to have worked at any locations. Again, Henriquez must be informed of the time parameters, other than the generalized four year period encompassing the alleged conspiracy, if he is to be able to prepare a meaningful alibi defense.

*Brady* **Issue**

8. As part of the discovery in this case, the Government provided Henriquez with a photo array which it claims to have used in having witnesses identify him as a member of the

---

[2] AUSA Marissa Molé provided that information to me in a telephone conversation I, along with my partner, James Keneally, had with her on October 30, 2007, and reiterated this in a conversation AUSAs Molé and LaVigne had with Messrs. Buchwald and Keneally on November 2, 2007.

conspiracy. In discussions with the Government, AUSA Marissa Molé has informed me that there is one individual who was shown the photo array but who failed to identify Henriquez. Although we have requested the identity of that individual in writing and orally (see *Brady* Request a of Exhibit A), the Government has declined to identify that individual, claiming that such information is not *Brady* material. In their November 2nd letter, AUSAs Molé and LaVigne continue to maintain that such information does not constitute *Brady* material. As is more fully stated in our Memorandum of Law, if there is a person who does not identify Henriquez as a member of the conspiracy, it is essential to tell Henriquez the identity of that person, so that his counsel can speak to the individual and gauge his/her value as a trial witness.

Thus, for the reasons stated in this Declaration and in our Memorandum of Law, it is respectfully requested that the Court grant Henriquez' motions in their entirety, along with such other and further relief as the Court deems just and proper.


Dated: New York, New York
      November 8, 2007

*/s/ Alan R. Kaufman*
Alan R. Kaufman