# Exhibit A

# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

## 101 PARK AVENUE
## NEW YORK, NEW YORK 10178

(212) 808-7800

WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

ALAN R. KAUFMAN
DIRECT LINE (212) 808-5195
EMAIL: akaufman@kelleydrye.com
Practice Limited to Patent Office Matters

October 23, 2007

Marissa Molé, Esq.
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Re:   United States v. Carlos Henriquez, S12 06 Cr. 1014 (AKH)

Dear Ms. Molé:

With respect to the superseding indictment just filed against Carlos Henriquez, please respond to the following requests for particulars pursuant to Rule 7(f), Federal Rules of Criminal Procedure:

1) Please identify the firearm(s) which the defendant is alleged to have used and carried, or possessed.

2) With respect to each such firearm, please identify the dates, time and location when it will be alleged that the defendant used and carried, or possessed the firearm.

3) With respect to each such firearm and occasion of using and carrying, or possessing, please identify whether it will be alleged that defendant actually used and carried the firearm, or that he possessed it. If the latter, will the allegation of possession be actual or constructive?

4) You have recently indicated that it will be alleged that the defendant, in addition to working at the Fenton Avenue location, also worked at one or more other locations. Please identify such location(s).

5) Please identify the approximate time period during which it will be alleged that defendant worked at the Fenton Avenue location, or any other location.

NY01/KAUFA/1245137.1

**KELLEY DRYE & WARREN LLP**

Marissa Molé, Esq.
October 23, 2007
Page Two

      With respect to discovery, it is acknowledged that the government has made voluntary disclosure of information which the defendant would have requested pursuant to Rule 16(A), (B), (D) and (E), Federal Rules of Criminal Procedure. If there is any further discovery, we would appreciate as prompt production as is possible.

      Pursuant to Rule 16(F), the only production of examinations or tests information was DEA-7 lab reports regarding drug testing and NYPD lab reports regarding firearms testing. Item 25 of your October 2 discovery letter referenced fingerprint tests, but we could not locate that in the discovery provided. To the extent there is any further production to be made pursuant to Rule 16(F), we would appreciate it as soon as possible.

      Pursuant to Rule 16(G), there was no written summary provided of any testimony to be offered under Rules 702, 703, or 705 of the Federal Rules of Evidence. The defendant requests such discovery, if the government anticipates offering such testimony.

      In addition, pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny, please provide the following information:

      a) Please identify the one witness who did not identify the defendant from the photographic line-ups, as disclosed in the discovery recently provided.

      b) Please identify any other person who worked in the Fenton Avenue location, or any other location where it will be alleged that the defendant worked, who failed to identify the defendant.

      c) Any and all documents, personnel files, records or information revealing prior criminal history including but not limited to arrests, prior criminal convictions, guilty verdicts or juvenile adjudications, relevant "rap sheets", of any confidential informants, accomplices, and any other person whom the government may call as a witness at trial;

      d) Any and all documents, records and information revealing the character, reputation for untruthfulness or dishonesty, prior or subsequent misconduct, criminal acts or bad acts of each such person;

      e) Any and all consideration or promise of consideration given during the course of the investigation and preparation of this matter by any law enforcement officials, including government agents, police, or informers, to each such person. Such "consideration" refers to anything which arguably could be of value or use to such person (or a relative, friend, business associate, or acquaintance thereof), including but not limited to leniency, favorable treatment or recommendations or other assistance, whether formal or informal, direct or indirect, with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, immigration,

**KELLEY DRYE & WARREN LLP**

Marissa Molé, Esq.
October 23, 2007
Page Three

administrative or other matter involving any state or federal government, any other public authority; civil, criminal, or tax immunity grants, formal or informal; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees; provisions of food, clothing, transportation, legal services or other benefits; placement in a "witness protection" program; letters to anyone informing the recipient of the witness's cooperation; recommendations concerning federal aid or benefits; recommendations concerning licensing, certification or registration; promises to take affirmative action to help the status of such person in a profession, business or employment or promises not to jeopardize such status; recommendations concerning immigration status, including deportability, excludability, and work authorization status; aid or efforts in securing or maintaining the business or employment of such persons; and anything else which arguably could reveal an interest, motive, hostility or bias of such person in favor of the prosecution or against the defendant or any alleged co-conspirator or which could act as an inducement to testify or to color his or her testimony;

  f) Any and all statements -- formal or informal, oral or written -- by the government to any person (including counsel for any such person) who the government intends to call as a witness at trial pertaining in any way to the possible or likely course or outcome of any government action -- state or federal, civil or criminal or administrative (including immigration) matters against such person, or anyone related by blood or marriage or other close relationship to such person;

  g) Any and all threats, expressed or implied, direct or indirect, or other coercion directed against any such person (including counsel for such person) relating to criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against any such person; any probationary, parole, deferred prosecution or custodial status of any such person; and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions involving any such person and the state or federal government or over which the state or federal government has real, apparent or perceived influence;

  h) A list of any and all requests, demands or complaints made to the government by any such person (including counsel for such person) which arguably could be developed on cross-examination to demonstrate any hope or expectation on the part of such person for favorable governmental action on his behalf (regardless of whether or not the government has agreed to provide any favorable action);

  i) Any and all material not otherwise listed that reflects or evidences either the motivation of any such person to cooperate with the government or any bias or hostility against the defendant or any alleged co-defendant or co-conspirator;

**KELLEY DRYE & WARREN LLP**

Marissa Molé, Esq.
October 23, 2007
Page Four

j) Any and all medical and psychiatric reports known to the government or which can reasonably be known to the government concerning any such person which may arguably affect that person's credibility or ability to perceive, or relate, or recall events;

k) Any and all written or oral statements, whether or not reduced to writing, made by any such person which in any way contradicts or is inconsistent with or different from other oral or written statements he or she has made,[1] and any such statements made by any person, whether a witness or not, which in any way contradicts, or is inconsistent with or different from any statements made by a potential prosecution witness;

l) Any and all requests prepared by the prosecution for permission to grant immunity or leniency for any such person, whether or not such request was granted;

m) Any and all exculpatory testimony given before the grand jury by any such person;

n) The same documents, records and information described in the preceding requests in this section with respect to each non-witness declarant whose out-of-court statements may be offered in evidence at trial. See Fed. R. Evid. 806;

o) All criminal histories, institutional progress reports, disciplinary incidents or proceedings instituted by any entity (including, but not limited to, state or federal correctional facilities, parole or probation departments), counseling notes, vocational notes and other documents pertaining to such individual, as well as all Presentence Investigation Reports, parole and probation reports, sentencing memoranda, sentencing letters, or other documents concerning such individual. If you elect to produce only a portion of any such file, please identify specifically those documents that you decline to produce;

---

1    This request includes any interviews or grand jury testimony of such person where he or she did not inculpate defendant Henriquez in the criminal activity charged in the indictment or implicated him in a manner inconsistent with how he or she presently implicates the defendant.

**KELLEY DRYE & WARREN LLP**

Marissa Molé, Esq.
October 23, 2007
Page Five

      p) Any and all documents and records of law enforcement agencies reflecting intra-departmental disciplinary action taken or pending against any law enforcement official or agent who will testify at trial;

Very truly yours,

*Alan R Kaufman*

Alan R. Kaufman

ARK:ma

NY01/KAUFA/1245137.1