UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

PEDRO GUZMAN, a/k/a "Franklyn," and
EDWIN HENRIQUEZ, a/k/a "Carlos,"

Defendants.

S13 06 CR. 1014 (AKH)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

Defendant Edwin Henriquez ("Henriquez") respectfully submits this

Memorandum of Law in support of his motion for (i) an order directing the Government to

provide certain discovery and particulars to Henriquez; and  (ii) an order directing the

Government to provide certain *Brady* material to Henriquez.  In further support of his motion,

Henriquez submits the Declaration of Alan R. Kaufman, Esq., dated November 8, 2007

("Kaufman Declaration").

## STATEMENT OF FACTS

As stated in the Kaufman Declaration, Henriquez is charged in three counts of a

five count superseding indictment.  Count One accuses Henriquez, along with his co-defendant,

Pedro Guzman, of conspiring to distribute and possess with intent to distribute one kilo and more

of heroin, in violation of 21 U.S.C. § 846.  The conspiracy is alleged to have spanned from 2001

through August 15, 2005.  Count Three charges Henriquez with the substantive crime of

distributing and possessing with intent to distribute one kilo and more of heroin in August 2005,

in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  Count Five charges that between August

2003 and August 2005, Henriquez carried or used a firearm during the commission of, and possessed a firearm, in furtherance of, the conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

On October 23, 2007, Henriquez served a comprehensive request for discovery, a bill of particulars and *Brady* information on the Government. The Government responded to this request in a letter dated November 2, 2007. As stated in the Kaufman Declaration, there are particulars which have been requested which the Government has thus far not provided to Henriquez which are crucial to his defense, most notably the dates and locations in which he is alleged to have carried or possessed a firearm, and the dates on which he is alleged to have been present at the locations alleged to been used as heroin mills by members of the conspiracy.

## POINT I
## HENRIQUEZ IS ENTITLED TO A BILL OF PARTICULARS PROVIDING THE REQUESTED INFORMATION

A bill of particulars permits a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); see also *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988); *United States v. Salazar*, 485 F.2d 1272, 1278 (2d Cir. 1973); *United States v. Ferrara*, 990 F.Supp. 146, 153 (E.D.N.Y. 1998).

The date or dates on which a defendant is said to have engaged in criminal conduct is the sort of information which the Government can be ordered to provide in a bill of particulars. In *Ferrara*, Judge Hurley ordered the Government to set forth the approximate dates

on which the defendant in that case had offered bribes to local officials. 990 F.Supp. at 153. Here, as his trial date rapidly approaches, Henriquez is entitled to know when he is alleged to have been present at the locations which the Government alleges were used as heroin mills, so that he and his counsel may prepare his defense. Likewise, he is entitled to know when he is alleged to have carried or possessed a firearm, and where he is alleged to have carried or possessed a firearm. It may well be that with respect to these allegations Henriquez will be able to affirmatively prove that he was elsewhere at the times of the events in question. However, without knowing that time frame, he cannot determine whether such a defense is available to him.

We recognize that the Government might well respond that it cannot give precise information regarding the dates and times at which Henriquez is said to have engaged in these activities. However, as things now stand, the information Henriquez now has is that sometime between 2001 and August 2005, he was present at some of the heroin mill locations which the Government alleges were used by the organization; and that sometime between August 2003 and August 2005, he carried or possessed firearms in connection with the drug conspiracy. Presumably, there are witnesses who have made claims regarding Henriquez in this regard, thus forming the basis of the Government's allegations. It is difficult to fathom that these witnesses have not provided the Government with any specificity beyond the four-year and two-year time-frames, respectively, which the Government is currently providing to Henriquez. Given those broad parameters, it is virtually impossible for Henriquez to formulate any type of defense against the Government's allegations.

Henriquez is facing charges which, if he is found guilty in this case, would lead to a minimum 15 year jail sentence. Certainly he is entitled to more than the skeletal information the Government has thus far provided.

## POINT II
### HENRIQUEZ IS ENTITLED UNDER
### *BRADY V. MARYLAND* TO KNOW THE NAME
### OF THE WITNESS WHO IS UNABLE TO IDENTIFY HIM

As explained in the Kaufman Declaration, the Government has informed Henriquez that certain witnesses have identified him through photo arrays as a member of the conspiracy at issue in this case. The Government has also informed Henriquez that there is one individual who did not identify him from a photo array, but has otherwise refused to provide any additional information regarding that witness. The Government has represented to Henriquez that this witness's identity does not constitute *Brady* material, and that this witness provides inculpatory, rather than exculpatory, information against him.

"*Brady* and its progeny require the Government to disclose material information that is 'favorable to the accused, either because it is exculpatory, or because it is impeaching.'" *United States v. Rodriguez*, 496 F.3d 221, 225 (2d Cir. 2007), quoting *Strickler v. Greene*, 527 U.S. 263, 281-282 (1999). Further, "[t]his obligation is designed to serve the objectives of both fairness and accuracy in criminal prosecutions. To begin with, it recognizes the possibility that the evidence on which the prosecution relies to prove the defendant's guilt is not necessarily truthful, accurate, or complete, especially when the prosecution's investigations have made it aware of evidence or information that might be favorable to the defense in controverting the Government's proofs." *United States v. Rodriguez*, 496 F.3d at 225.

Notwithstanding the Government's representations, if a witness having information regarding the conspiracy in question is unable to identify Henriquez, then Henriquez is entitled to know who that witness is.  The details of that witness's knowledge – what else he knows about the conspiracy and its members, when he might have viewed the activities of others allegedly involved in the conspiracy, and the circumstances and context of his inability to identify Henriquez – are all important pieces of information which may "controvert. . . the Government's proofs" and which  Henriquez should be permitted to explore.  For example, if this witness, in describing a meeting among conspirators at a given location and at a particular date and time, was shown the photo array with Henriquez' photo and did not identify Henriquez, such information  would tend to indicate that Henriquez was not present for that given event. Beyond that, it might serve to undermine information provided to the Government by other witnesses.  However, there is no way for Henriquez to develop any information unless he is first informed of the witness's identity.

Moreover, "the longer the prosecution withholds information, or (more particularly) the closer to trial the disclosure is made, the less opportunity there is for use." *Leka v. Portuondo*, 257 F.3d 89, 100 (2d. Cir. 2001).  Here, where new counsel has only recently been appointed for Henriquez and his trial is less than one month away, time is of the essence.  Thus, the Government should be ordered to produce the identity of this witness as soon as possible.


## CONCLUSION

For the reasons stated, it is respectfully requested that Henriquez' motion be granted in all respects, along with such other and further relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
      November 8, 2007

KELLEY DRYE & WARREN LLP
Attorneys for Defendant Edwin Henriquez

By: _____

    Alan R. Kaufman (AK 6884)
    James M. Keneally (JK8447)
    101 Park Avenue
    New York, NY  10178
    (212) 808-7800