

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

November 16, 2007

By Electronic Filing and Facsimile

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1050
New York, New York 10007-1312

James Kousouros, Esq.
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, NY  11415
Counsel to Pedro Guzman

Don D. Buchwald, Esq.
Alan Kaufman, Esq.
James M. Keneally
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178-0002
Counsel to Edwin Henriquez

   Re: <u>United States v. Pedro Guzman and Edwin Henriquez,</u>
      S13 06 Cr. 1014 (AKH)

Dear Judge Hellerstein and Counsel:

  The Government respectfully submits this letter in response to the November 6, 2007 pre-trial motion filed by defendant Pedro Guzman (the "Guzman Motion") and the November 8, 2007 pre-trial motion filed by defendant Edwin Henriquez (the "Henriquez Motion").  The defendants have essentially asked for six things:  (i) discovery pursuant to Rule 16 of the Federal Rules of Evidence (the "Fed.R.Evid."); (ii) expert notification pursuant to Fed.R.Evid. 16; (iii) Fed.R.Evid. 404(b) evidence that the Government intends to offer at trial; (iv) *Giglio* and 3500 material for the Government's witnesses; (v) *Brady* material, if any exists; and (vi) a bill of particulars related to the crimes charged against each defendant.  Henriquez further requests the identity of one specific potential witness.  The Government will address each of these requests in turn.

November 16, 2007
Page 2

I.      Discovery

The Government is aware of its continuing obligations under Rule 16, and has produced, and will continue to produce, materials that it is required to produce pursuant to that rule. As the defendants have already been advised, the evidence that the Government currently intends to use for trial has been produced or identified and is available for inspection upon request.

II.      Expert Notification

The Government has provided notice of the experts it intends to call at trial by letter dated November 15, 2007. The Government hereby requests that the defendants provide reciprocal expert discovery pursuant to Rule 16(b)(1)(C).

III.      Rule 404(b) Evidence

The defendants request that the Government state whether it intends to introduce evidence pursuant to Fed.R.Evid. 404(b), and that it provide the date, place and nature of each such similar act. At this time, the Government does not intend to offer evidence pursuant to Fed.R.Evid. 404(b).

IV.      *Giglio* and 3500 Material

The Government will provide material under *Giglio v. United States*, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial. The Court has already ordered that all 3500 material be produced to the defendants a full week prior to the December 3, 2007 trial.

V.      *Brady* Material

The Government recognizes its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. To date, the Government is unaware of any *Brady* material regarding the two defendants, but will provide timely disclosure if any such material comes to light.

VI.      Micellanous Requests

The defendants, and most notably, Guzman, have requested voluminous additional materials that are not properly considered Rule 16, Rule 404(b), exculpatory or impeachment material. The defendant is not entitled to any of these materials unless they are discoverable under either Rule 16, *Brady*, or under *Giglio* or the Jencks Act, in which they will be produced in accordance with the Government's obligations to produce such materials.

November 16, 2007
Page 3

VII.   Bill of Particulars

    The defendants also seek a bill of particulars regarding various enumerated items. The purpose of a bill of particulars is "to inform the defendant as to the crime for which he must stand trial, not to compel disclosure of how much the government can prove and how much it cannot or to foreclose the government from using proof it may develop as the trial approaches." *United States v. Malinsky*, 19 F.R.D. 426, 428 (S.D.N.Y. 1956). Thus, it is well settled that the Government is not required to "particularize all of its evidence." *United States v. Cephas*, 937 F.2d 816, 834 (2d Cir. 1991); *see also Torres*, 901 F.2d 205, 234 (2d Cir. 1990) ("acquisition of evidentiary detail" is not the function of a bill of particulars) (quotation marks and citation omitted).

    Likewise—and particularly relevant here—the Government is not required to disclose the precise manner in which the crimes charged in the Indictment were committed. *See United States v. Andrews*, 381 F.2d 377, 378 (2d Cir. 1967); *Torres*, 901 F.3d at 233-34 (demands for "whens" and "wheres" and "by whoms" within charged conspiracy are improper attempts at general pre-trial discovery). And, a bill of particulars is not required to provide the defendant with a preview of the Government's case or legal theory. *United States v. Muyet*, 945 F. Supp. 586, 598-99 (S.D.N.Y. 1996). Accordingly, the ultimate test is whether the information sought is necessary to prepare a defense, *not* whether it is helpful to prepare a defense. *See United States v. Percan*, No. 98 Cr. 392 (AGS), 1999 WL 13040, *5 (S.D.N.Y. Jan. 13, 1999).

    Indeed, as courts have recognized, "[d]iscovery in criminal proceedings is not comparable to discovery in civil cases." *United States v. Malinsky*, 19 F.R.D. 426, 428 (S.D.N.Y. 1956). There are a number of reasons for this, most notably "because of the nature of the issues, the danger of intimidation of witnesses, and the greater danger of perjury and subornation of perjury" in criminal, rather than civil cases. *Id.*; *see also United States v. Taormina*, No. 97 Cr. 1120 (MBM), 1998 WL 702341, *4 (S.D.N.Y. Oct. 8, 1998). In addition, if the information the defendant seeks "is provided in the indictment or in some acceptable alternate form," such as discovery, no bill of particulars is required. *See Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *United States v. Spy Factory*, 960 F. Supp. 684, 690-91 (S.D.N.Y. 1997).

    Here, defense counsel has already been apprised through the Indictment and pre-trial discovery of the crimes for which the defendants are charged. Nevertheless, the Government is prepared to inform defense counsel that, at present, the Government believes: (1) defendant Henriquez worked at various heroin mills as a member of the charged conspiracy from at least in or about August 2003 through in or about August 2005; and (2) defendant Guzman worked at various heroin mills as a member of the charged conspiracy from at least in or about late 2004 to in or about August 2005. In addition, at present, the Government believes the evidence will show that both defendants were in possession (either actual or constructive) of firearms at various times throughout their involvement in the conspiracy, with one specific time frame being in or about August 2005.

November 16, 2007
Page 4

In large part, the Government expects to prove these facts through witness testimony. Accordingly, many of defense counsel's requests will be moot upon receipt of 3500 material, set to be provided one week before trial. In light of the past and present disclosures summarized above, along with the impending 3500 production, defense counsel's request for a bill of particulars should be denied. To hold otherwise would essentially require the Government to respond to broad interrogatories regarding the evidence it seeks to introduce at trial. As cited above, discovery in criminal proceedings is "not comparable" to discovery in civil proceedings, and a bill of particulars cannot be utilized to obtain a "preview" of the Government's case.

In any event, the defendant's reference to an "alibi" defense is a red herring. The Government expects the evidence to show that both defendants worked at various mills and were in possession (both actual and constructive) of firearms at these mills on various occasions during a two and one year period. Moreover, it is unclear how one could ever present an "alibi defense" to a conspiracy charge, given than one need not be present at a particular place and time to be culpable. Thus, the Government's disclosures to date have provided no impediment to raising any defenses to the charged offenses. In fact, the Government has gone above and beyond its disclosure obligations in providing information to defense counsel.

VIII.   Henriquez's Request for the Identity of a Potential Witness

On or about October 17, 2007, the Government produced copies of four photographic line-ups, each of which included a photo of Henriquez, and each of which was presented to a different potential witness. Three of the witnesses positively identified Henriquez from the photo, and one did not. This particular witness provided additional information, however, that clearly inculpates Henriquez.

Henriquez now requests the identity of that witness and claims that his/her failure to identify that photograph constitutes *Brady* material. This is not *Brady* material. This witness has in no way indicated that Henriquez *was not* committing a crime. To the contrary, if called at trial, the Government expects that this witness would inculpate Henriquez as a member of the conspiracy who worked at various heroin mills. This witness merely failed on one prior occasion to recognize one particular photo of the defendant. This is, at most, *Giglio* material for that specific witness.

November 16, 2007
Page 5

  Further, the Government has serious security concerns for its potential witnesses given the nature and extent of the conspiracy involved, and the fact that several high-level participants have never been arrested.  Thus, the Government opposes any request to reveal the identity of this witness.

                Respectfully submitted,

                MICHAEL J. GARCIA
                United States Attorney


      By:   s/Marissa Molé
          Marissa Molé
          Christopher LaVigne
          Assistant United States Attorneys
          Tel.: (212) 637-2275/2325