UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

EDWIN HENRIQUEZ,　　　　　　　　　　　　S13 06 Cr. 1014 (AKH)

　　　　　Defendant.

REQUESTS TO CHARGE ON
BEHALF OF
EDWIN HENRIQUEZ

　　　　　　　　　　　　　　　　　　　　Alan R. Kaufman
　　　　　　　　　　　　　　　　　　　　Kelley Drye & Warren LLP
　　　　　　　　　　　　　　　　　　　　101 Park Avenue
　　　　　　　　　　　　　　　　　　　　New York, NY  10178
　　　　　　　　　　　　　　　　　　　　(212) 808-5195

　　　　　　　　　　　　　　　　　　　　Attorney for Edwin Henriquez

NY01/KAUFA/1264495.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-against-

EDWIN HENRIQUEZ,

        Defendant.

---

S13 06 Cr. 1014 (AKH)


REQUESTS TO CHARGE ON
BEHALF OF
<u>EDWIN HENRIQUEZ</u>


      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the attached proposed requests are submitted on behalf of Edwin Henriquez for the Court's consideration. These requests are taken and adapted from Sand, <u>Federal Jury Instructions</u>, Instructions 35-76, 35-78, 35-79, and 35-80. These requests are in addition to the Court's standard instructions.

<u>Count Five</u>

The defendant Edwin Henriquez is charged in Count Five with carrying a firearm during the commission of a drug trafficking crime, and possessing a firearm in furtherance of a drug trafficking crime. Count Five reads as follows:

[Read Count Five of the Indictment]

## Count Five - Elements of the Offense

The government must prove each of the following elements beyond a reasonable doubt to sustain its burden of proving the defendant guilty on Count Five:

First, that the defendant committed a drug trafficking crime for which he could be prosecuted in a court of the United States.

Second, that the defendant knowingly carried a firearm during and in relation to the commission of that drug trafficking crime, or that he knowingly possessed a firearm in furtherance of that drug trafficking crime.

## Count Five: First Element – Commission of the Predicate Crime

The first element the government must prove beyond a reasonable doubt is that the defendant committed a drug trafficking crime for which he could be prosecuted in a court of the United States.

Mr. Henriquez is charged in Count One of the indictment with conspiring to distribute and possess with the intent to distribute narcotics in violation of federal law. It is for you to determine whether the government has proven beyond a reasonable doubt that the defendant committed the crime charged in Count One. I have previously instructed you on the law as it applies to Count One.

If upon all of the evidence you find that the government has failed to prove the defendant Henriquez's guilt on Count One beyond a reasonable doubt, then you will proceed no further on Count Five. Count Five is to be considered only if you first find the defendant guilty under Count One as charged.

In reaching your verdict on Count Five, you may consider the evidence of Count One only for the purpose of determining whether the elements of Count Five have been satisfied.

Count Five:  Second Element – Carrying or Possessing a Firearm

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly carried a firearm during and in relation to the commission of the crime charged in Count One, or that the defendant knowingly possessed a firearm in furtherance of the commission of the crime charged in Count One.

A "firearm" is any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

Carrying – In order to prove that the defendant carried a firearm, the government must prove beyond a reasonable doubt that the defendant had a weapon within his control in such a way that it furthered the commission of the drug trafficking crime or was an integral part of the commission of the drug trafficking crime.

Possessing – To prove that the defendant possessed a firearm in furtherance of the drug trafficking crime, the government must prove that the defendant had possession of the firearm and that such possession was in furtherance of that crime. Possession means that the defendant either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm. To possess a firearm in furtherance of the crime means that the firearm helped forward, advance or promote the commission of the crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

To satisfy this element, you must also find that the defendant carried or possessed the firearm knowingly. This means that he carried the firearm or possessed it purposely and voluntarily, and not by accident or mistake. It also means that he knew that the weapon was a firearm, as we commonly use the word.

Dated: New York, New York
　　　　February 1, 2008

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Alan R. Kaufman*
　　　　　　　　　　　　　　　　　　　　　　　Alan R. Kaufman

　　　　　　　　　　　　　　　　　　　　　　　Attorney for Edwin Henriquez
　　　　　　　　　　　　　　　　　　　　　　　(212) 808-5195