UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

EDWIN HENRIQUEZ,
   a/k/a "Carlos,"

        Defendant.

S13 06 Cr. 1014 (AKH)

## GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

MICHAEL J. GARCIA
United States Attorney
Southern District of New York
Attorney for the United States
  of America

Marissa Molé
Christopher LaVigne
Assistant United States Attorneys

   - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

EDWIN HENRIQUEZ,
   a/k/a "Carlos,"

            Defendant.

S13 06 Cr. 1014 (AKH)


<u>GOVERNMENT'S PROPOSED REQUESTS TO CHARGE</u>

        Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the Jury.

## TABLE OF CONTENTS

REQUEST NO.                                                          PAGE

1.    General Requests    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.    The Indictment    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3.    Summary of the Indictment    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4.    Multiple Counts    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Narcotics Offenses

5.    Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

6.    Elements of Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

7.    Existence of the Conspiracy    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

8.    Membership in the Conspiracy    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

9.    Overt Acts    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

10.   Narcotics Conspiracy Definitions    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

11.   Special Interrogatory on Drug Quantity    . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

12.   Substantive Distribution Offense    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

13.   Elements of Substantive Offense    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

14.   Aiding and Abetting    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

15.   Special Interrogatory on Drug Quantity    . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Using, Carrying, Brandishing, and Possessing Firearms

16.   General Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  30

17.   Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  31

18.    Aiding and Abetting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

19.    <u>Pinkerton</u> Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

<u>Other Instructions</u>

20.    Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

21.    Testimony of Cooperator Who Pled  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

22.    Use of Evidence Obtained Pursuant to Searches . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

23.    Expert Testimony (if applicable) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

24.    Summary Charts (if applicable) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

25.    Persons Not on Trial  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

26.    Particular Investigative Techniques . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

27.    Stipulations  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  50

28.    Defendant's Right Not to Testify (if applicable) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  51

29.    Defendant's Testimony (if applicable)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

30.    Character Witnesses (if applicable) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

31.    Preparation of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

32.    Law Enforcement Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

33.    Uncalled Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

34.    Statement(s) of Defendant(s) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  57

REQUEST NO. 1

General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Functions of Court and Jury.

b.  Indictment is not Evidence.

c.  Statements of Court and Counsel are not Evidence.

d.  Rulings on Evidence and Objections.

e.  Burden of Proof and Presumption of Innocence.

f.  Proof Beyond a Reasonable Doubt.

g.  Government Treated Like Any Other Party.

h.  Definitions, Explanations and Examples of Direct and Circumstantial Evidence.

i.  Credibility of Witnesses.

j.  Right to See Exhibits and Have Testimony Read During Deliberations.

k.  Quality, Not Quantity of Evidence.

l.  Punishment Is Not To Be Considered by the Jury.

m.  Verdict of Guilt or Innocence Must be Unanimous.

n.  Right to See Exhibits and Read Testimony During Deliberations.

o.  Selection of Foreperson.

p.  Return of Verdict.

-1-

<u>REQUEST NO. 2</u>
The Indictment

The defendant, EDWIN HENRIQUEZ, a/k/a "Carlos," is formally charged in an

Indictment.  The Indictment in this case contains three counts or charges against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment.  I

remind you again that the Indictment in this case is not evidence.  It merely describes the charges

made against the defendant.  It is an accusation.  It may not be considered by you as any

evidence of the guilt of the defendant.  In reaching your determination of whether the

Government has proved the defendant guilty beyond a reasonable doubt, you may consider only

the evidence introduced or the lack of evidence.  The defendant is not charged with committing

any crime other than the offenses contained in the Indictment.

I will not read the entire Indictment to you at this time.  Rather, I will first

summarize the offenses charged in the Indictment and then explain in detail the elements of these

offenses.

REQUEST NO. 3
Summary of the Indictment

Count One of the Indictment charges EDWIN HENRIQUEZ, a/k/a "Carlos," with conspiring to distribute, and possess with intent to distribute, 1 kilogram and more of mixtures and substances containing a detectable amount of heroin.

Count Three charges EDWIN HENRIQUEZ, a/k/a "Carlos," with possessing with intent to distribute one kilogram and more of mixtures and substances containing a detectable amount of heroin.

Count Five charges EDWIN HENRIQUEZ, a/k/a "Carlos," with knowingly using, carrying, or possessing a firearm during and in relation to the heroin conspiracy charged in Count One.

REQUEST NO. 4
<u>Multiple Counts</u>

As I just indicated, the Indictment contains a total of three counts against EDWIN

HENRIQUEZ, a/k/a "Carlos."  Each count constitutes a separate offense or crime.  You must

consider each count of the Indictment separately, and you must return a separate verdict on each

count.

Adapted from Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr.
3-8 (1999); <u>see</u> <u>United States</u> v. <u>Sanzo</u>, 673 F.2d 64 (2d Cir. 1982).

REQUEST NO. 5
Conspiracy

Count One of the Indictment charges EDWIN HENRIQUEZ, a/k/a "Carlos," with

participating in a conspiracy to violate the narcotics laws of the United States.  Count One

charges, and I am reading now from the Indictment, that:

*[The Court is respectfully requested to read Count One of the Indictment (which*

*the Government will provide).]*

The Indictment also lists overt acts that are alleged to have been committed in

furtherance of the conspiracy, as well as the particular statute alleged to have been violated.

A conspiracy is a kind of criminal partnership -- an agreement of two or more

persons to join together to accomplish some unlawful purpose.

The crime of conspiracy -- or agreement -- to violate a federal law, as charged in

the Indictment, is an independent offense.  It is separate and distinct from the actual violation of

any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find a defendant guilty of the crime of conspiracy even if you

find that the substantive crime which was the object of the conspiracy was never actually

committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate

crime, even if the conspiracy is not successful.

> Adapted from the charges of the Honorable Michael B. Mukasey
> in United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000),
> and the Honorable Colleen McMahon in United States v. Watson,
> S1 03 Cr. 136 (CM) (S.D.N.Y. 2003).  See United States v. Labat,
> 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is
> the agreement and not the commission of the substantive offense
> that is its objective, the offense of conspiracy may be established
> even if the collaborators do not reach their goal.").

REQUEST NO. 6
Elements of Conspiracy

In order to sustain its burden of proof with respect to the charge of conspiracy contained in the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute heroin, or to possess heroin with the intent to distribute heroin.

Therefore, the first question for you is:  Did the conspiracy alleged in the Indictment exist?  Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that each defendant knowingly became a member of the conspiracy charged; that is, that he knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute heroin.

Now let us separately consider the two elements.  First, the existence of a conspiracy; and second, whether each defendant knowingly associated himself with and participated in the conspiracy.

> Adapted from the charges of the Honorable John G. Koeltl in
> United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y.
> 1995), and the Honorable Harold Baer in United States v.
> Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997).  The Government
> notes that under Section 846, it is not necessary for the
> Government to allege or prove even one overt act.  See United
> States v. Shabani, 115 S.Ct. 382, 385 (1994) (Government need
> not prove commission of any overt acts in furtherance of
> conspiracy in violation of section 846 conspiracy); United States v.
> Story, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a
> section 846 narcotics conspiracy offense are the existence of a

conspiracy and defendant's willful joining it."); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).

REQUEST NO. 7
Existence of the Conspiracy

Starting with the first element, what is a conspiracy?  As I mentioned just a few minutes ago, a conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose.  In this instance, the unlawful purpose alleged to be the object of Count One is the distribution of heroin or the possession of heroin with the intent to distribute it.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The conspiracy alleged here, therefore, is an agreement to distribute heroin, and to possess heroin with the intent to distribute it.  It is an entirely distinct and separate offense from the actual crimes of distribution of heroin, or the actual possession of heroin with the intent to distribute it.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  A conspiracy can be proven even without direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show that two or

more persons, one of whom may be the defendant you are considering, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.  Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old adage, "actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment.  In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements.  It is sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, and that they agreed to work together in furtherance of the objective of the conspiracy charged in the Indictment.

– 9 –

<u>Object</u> <u>of</u> <u>Conspiracy</u>

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.  The Indictment here charges the object of the Count I conspiracy is to distribute heroin or possess heroin with the intent to distribute it.

Adapted from the charge of Judge Sand in <u>United States</u> v.
<u>Clemente</u>, Tr. 12611-14.

REQUEST NO. 8
Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, then you must next determine the second question: Whether the defendant participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with a criminal intent -- that is, with a purpose to violate the law -- and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

"Knowingly," "Intentionally" and "Unlawfully" Defined

The terms "knowingly" and "intentionally" and "unlawfully" are explained below.

An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

"Unlawfully" simply means contrary to law. The defendant need not have known that they were breaking any particular law, but they must have been aware of the generally unlawful nature of their acts.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you evidence of certain acts and conversations alleged to have taken place with the defendant. The Government contends

-11-

that these acts or conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy.

The defendant denies that he was a member of any conspiracy.  It is for you to determine whether the Government has established to your satisfaction, beyond a reasonable doubt, that the defendant had knowledge and intent with respect to becoming a member of the conspiracy.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on their parts. To have guilty knowledge, a defendant need not know the full extent of the conspiracy, or all of the activities of all its participants.  It is not even necessary for the defendant to know every other member of the conspiracy – or each other.  In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary for a defendant to receive any monetary benefit from his participation in the conspiracy, or have a financial stake in the outcome.  It is enough if he participated in the conspiracy unlawfully, intentionally and knowingly, as I have defined those terms.

The duration and extent of a defendant's participation in a conspiracy has no bearing on the issue of the defendant's guilt.  He need not have joined the conspiracy at the outset.  He may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.  Each member of a conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the

-12-

scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without agreement and participation is not sufficient. What is necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective.

The issue that you must decide is whether the defendant participated in a conspiracy to distribute heroin with the intent to aid in the accomplishment of its unlawful objective.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking. A defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, he or she is presumed to continue his or her membership in the venture until its termination, unless it is shown by some affirmative proof that he or she withdrew and disassociated himself from it.

Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), from the

-13-

charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Bello</u>, 91 Cr. 571 (MBM), <u>aff'd</u> <u>mem.</u>, 990 F.2d 622 (2d Cir. 1993), and from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-6.  <u>See United States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted).  <u>See also United States</u> v. <u>Miranda-Ortiz</u>, 926 F.2d 172, 175-6 (2d Cir.) (generally discussing proof required to show membership in conspiracy), <u>cert</u>. <u>denied</u>, 112 S. Ct.  347 (1991); and <u>United States</u> v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990) (same), <u>cert</u>. <u>denied</u>, 111 S. Ct. 2858 (1991).

REQUEST NO. 9
Overt Acts

Count One of the Indictment contain a section entitled "overt acts." These "overt acts" provide examples of conduct undertaken by alleged members of the conspiracy.

With respect to the conspiracy, the Government does not need to prove that any specified overt acts were committed, as long as the Government proves the existence of the conspiracy and that each defendant was a knowing and intentional member of the conspiracy.

Time of Conspiracy

The Indictment charges that the conspiracy charged in Count One existed from in or about 2001 through on or about August 15, 2005. It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates. Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates set forth in the Indictment.

It also does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.

> Adapted from the charge of the Honorable Colleen McMahon in United States v. Watson, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003), from the Honorable Michael B. Mukasey in United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000), and from the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991). See United States v. Shabani, 115 S.Ct. 382, 385 (1994); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).

REQUEST NO. 10
Narcotics Conspiracy
Definitions of Distribution or Possession

Count One of the Indictment charges that the object of the conspiracy was to "distribute, and possess with intent to distribute" heroin.  I will now define for you the terms "distribute" and "possession with intent to distribute."

## "Distribution"

The word "distribution" means the actual, constructive or attempted transfer of a controlled substance, including sale.  "Distribution" includes delivering, passing or handing over something to another person, or causing something to be delivered, passed on, or handed over to another person.  Distribution does not require a sale, but it does include sales.

## "Possession With Intent to Distribute"

## "Possession"

The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail.  Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.  If you find that the defendant you are considering had a controlled substance on his person, therefore, you may find that he had possession of it.  However, a person need not have actual, physical possession -- that is, physical custody of an object -- in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article.  This is called "constructive possession."

-16-

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item, and another person who has actual physical custody. The person having control "possesses" a controlled substance because he has an effective working relationship with the people who have actual physical custody of the controlled substance and because he can direct the movement or transfer or disposition of the controlled substance. In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained. In this manner, for example, a business person may legally possess things that are scattered throughout a number of stores or offices or installations around the country.

More than one person can have control, for example, over the same narcotics. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If more than one person has possession of it, as I have defined possession for you, then possession is joint.

Another example: Let's say I brought in some candy today and left it on my law clerk's desk. She knows that she can't eat all of that candy; she'd better leave some for me. I do not physically possess the candy but I do have control over it. My law clerk also has control over it. I can be said to "possess" the candy jointly with my law clerk.

One more example: Say my father left me a watch when he died, and it is now sitting in a safety deposit box. Say also that my wife and I are the only people who can get into that box. Do we have possession of the watch? Absolutely we have possession of it, even though it's in a safety deposit box.

-17-

If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that article. Proof of ownership is not required to establish possession.

<u>"Intent to Distribute"</u>

"Possession with intent to distribute" simply means the possession of a controlled substance with the intention or purpose to "distribute" it to another person or persons. As I explained, to "distribute" means simply to transfer to another.

Often it is possible to determine whether someone had an "intent to distribute" from the quantity of drugs that were possessed, although the possession of a large quantity of narcotics does not necessarily mean that an individual intended to distribute them. On the other hand, an individual may have intended to distribute a controlled substance even if he did not possess a large amount of it.

Remember, as I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required. The offense alleged here in Count One, is the conspiracy, or agreement, to distribute and possess with intent to distribute heroin.

> Adapted from the charges of the Honorable Colleen McMahon in <u>United States</u> v. <u>Watson</u>, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003); the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Martinez</u>, 00 Cr. 304 (MBM) (S.D.N.Y. 2000); the Honorable John G. Koeltl in <u>United States</u> v. <u>Alvarado-Matriller</u>, 94 Cr. 723 (JGK) (S.D.N.Y. 1995); the Honorable Harold Baer in <u>United States</u> v. <u>Martinez</u>, 97 Cr. 313 (HB) (S.D.N.Y. 1997); the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); and the Honorable John M. Walker in <u>United States</u> v. <u>Torres</u>, 87 Cr. 593 (JMW) (S.D.N.Y. 1988), <u>aff'd</u>, 901 F.2d 205, 221, 243-44 (2d Cir.) (specifically approving charge on possession), <u>cert</u>. <u>denied</u>, 111 S. CT.. 273 (1990). <u>See also</u> Sand <u>et al</u>., <u>Modern Federal Jury</u>

Instructions, Instr. 56-9, 56-12, 56-13, and 56-17.

REQUEST NO. 11
<u>Special</u> <u>Interrogatory</u> <u>on</u> <u>Drug</u> <u>Quantity</u>

If, and only if, you conclude that the Government has met its burden of establishing the guilt of the defendant beyond a reasonable doubt with respect to Count One of the Indictment, you will then be required to determine whether or not the conspiracy in Count One involved one kilogram or more of heroin. You do not need to determine the precise quantity of drugs involved in the offense. However, you must determine whether the Government has proven beyond a reasonable doubt that the defendant you are considering was personally involved with the distribution of one kilogram or more of heroin, or whether it was reasonably foreseeable to him that the conspiracy involved one kilogram or more of heroin and that distribution of such foreseeable quantity of heroin was part of what he agreed to do with others.

You will be provided with a verdict form that will include a space for you to indicate your determination with respect to drug quantity. In making this determination, you should include whatever quantity of heroin was involved in any act or acts in which the defendant personally and directly participated. If you find that the defendant personally and directly participated in a jointly undertaken drug transaction, he is responsible for the full quantity of drugs involved in that transaction.

In making your determination about quantity, however, you should also include any other quantity of heroin the conspiracy involved so long as that quantity was either known to the defendant or reasonably foreseeable to him, and within the scope of the criminal activity that he jointly undertook.

If you reach the question of quantity, indicate on the verdict form whether the

-20-

Government has established that the conspiracy involved (a) one kilogram or more of heroin; or (b) at least 100 grams of heroin.  If you conclude that the Government has not proven that the conspiracy involved at least 100 grams of heroin, then leave the part of the verdict form governing quantity blank.

Your finding as to quantity must be made beyond a reasonable doubt.  In addition, it must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate.  Thus, for example, if all of you agree that the conspiracy involved one kilogram or more of heroin, you should indicate "one kilogram or more of heroin."  If, however, some jurors conclude that the conspiracy involved one kilogram or more of heroin and the rest of the jurors conclude that it involved between 100 grams and one kilogram of heroin, you may not indicate that the conspiracy involved "one kilogram or more of heroin."  Under those circumstances, however, you may indicate "at least 100 grams of heroin" because all of you would be in agreement that the conspiracy involved at least 100 grams of heroin.

> See Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Thomas, 274 F.3d 655 (2d Cir. 2001)(en banc); United States v. Gonzalez, 420 F.3d 111, 125 (2d Cir. 2005); United States v. Martinez, 987 F.2d 920, 925-26 (2d Cir. 1993) (noting that a co-conspirator "should not be sentenced for certain conspiratorial acts unless there is proof that he knew or should have known about the details of these conspiratorial acts"); United States v. Velasquez, 28 F.3d 2, 5 (2d Cir. 1994) (holding that the "reasonable foreseeability" requirement does not apply to conduct "that the defendant personally undertakes" and that the Sentencing Guidelines, including the definition of relevant conduct in U.S.S.G. § 1B1.3, "are simply an extension of the statutory sentencing scheme");  United States v. Chalarca, 95 F.3d 239, 243 (2d Cir. 1996) ("[T]he quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction.") (construing the Sentencing Guidelines); United States v. Castrillon, 376 F.3d 46, 47 (2d Cir. 2004) (per curiam)

(same) (construing 21 U.S.C. § 846).

REQUEST NO. 12
The Substantive Distribution and
Possession with Intent to Distribute Count

Count Three of the Indictment charges EDWIN HENRUEZ, a/k/a "Carlos," the

defendant, with the crime of distributing, and possessing with the intent to distribute, a

controlled substance, and with aiding and abetting that crime, in violation of Title 21, United

States Code, Section 841.  Count Three reads as follows:

*[The Court is respectfully requested to read Count Three of the Indictment (which the
Government will provide).]*

Count Three is a separate substantive count that, like the object of the conspiracy

I have just described in connection with Count One, also charges distribution and possession

with intent to distribute a controlled substance.  Conspiracy, as you will recall, is a crime

separate from the violations that form its objectives.  Because the Government contends that the

substantive violation which the defendant conspired to commit actually occurred, the defendant

is also charged in Count Three with a substantive offense as well as with the conspiracy charged

in Count One.  I will now instruct you about the elements of this offense.

> Adapted from the charge of the Honorable Michael B. Mukasey in
> United States v. Bello, 91 Cr. 571 (MBM) (S.D.N.Y. 1992), aff'd
> *mem.,* 990 F.2d 622 (2d Cir. 1993), from the charge of the Honorable
> Robert W. Sweet in United States v. Morgenstern, 89 Cr. 693 (RWS)
> (S.D.N.Y. 1990), aff'd, 933 F.2d 1108 (2d Cir. 1991), from the charge
> of the Honorable Pierre N. Leval in United States v. Gibson, 91 Cr.
> 669 (PNL) (S.D.N.Y. 1992), and from Sand, Modern Federal Jury
> Instructions, Instr. 44-1 (mail and wire fraud) (based on the charge of
> the Honorable Edward Weinfeld in United States v. Ranney, 82 Cr.
> 771 (EW) (S.D.N.Y. 1983)).

REQUEST NO. 13
<u>Count</u> <u>Three</u>: <u>Elements</u> <u>of</u> <u>the</u> <u>Offense</u>

To sustain its burden of proof on the charge of distribution, and possession with intent to distribute heroin, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that in or about August 2005, the defendant distributed, or possessed with intent to distribute, a controlled substance, namely a mixture or substance containing a detectable amount of heroin;

<u>Second</u>, that he did so unlawfully, intentionally and knowingly; and

<u>Third</u>, that the substance involved was in fact a controlled substance.

<u>First</u> <u>Element</u>

The first element that the Government must prove beyond a reasonable doubt is that the defendant "distributed," or "possessed with intent to distribute," a controlled substance. The terms "distribution" and "possession with intent to distribute" are defined just as I defined them for you in connection with Count One.

<u>Second</u> <u>Element</u>

The second element that the Government must prove beyond a reasonable doubt with respect to Count Three is that the defendant acted "unlawfully, intentionally and knowingly." Again, these terms are defined as I defined them for you in connection with Count One.

<u>Third</u> <u>Element</u>

The third element that the Government must prove beyond a reasonable doubt

with respect to Count Three is that the substance involved was in fact the controlled substance charged in the indictment, namely, heroin.  If you find that the substance in question contained the controlled substance alleged in the Indictment, the purity of the substance is immaterial.

[If applicable:  In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that a qualified chemist would have testified about her testing of the substance involved and she would have testified that the exhibits she examined contained heroin.]

Adapted from the charge of the Honorable Colleen McMahon in United States v. Watson, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003), from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), from Sand, Modern Federal Jury Instructions, Instr. 56-8, 56-9, 56-12, and 56-13, 56-18, from the charge of the Honorable Richard M. Berman in United States v. Manuel Pena, S1 00 Cr. 36 (RMB) (S.D.N.Y. 2001), from the charge of the Honorable John G. Koeltl in United States v. Ovalle, 98 Cr. 04 (JGK) (S.D.N.Y. 1999), and from the charge of the Honorable John M. Walker in United States v. Torres, 87 Cr. 593 (JMW) (S.D.N.Y. 1988), aff'd, 901 F.2d 205, 221, 243-44 (2d Cir.) (specifically approving charge on possession), cert. denied, 498 U.S. 906  (1990).  and from United States v. Townsend, 987 F.2d 927 (2d Cir. 1993) (defining "intentionally").  See, e.g., United States v. Olivier-Becerril, 861 F.2d 424, 426 (5th Cir. 1988) (setting forth elements); and United States v. James, 555 F.2d 992, 999 (D.C. Cir. 1977) (same).

REQUEST NO. 14
Aiding and Abetting

Now, with respect to Count Three, the substantive count charging distribution and possession with intent to distribute heroin, I also want to instruct you on what is called "aiding and abetting."  The aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that:

"Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant  physically committed the crime with which he is charged in order for you to find him guilty.  Thus, if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

I will discuss the law regarding aiding and abetting liability in more detail when I instruct you on Count 5 of the Indictment.

Generally, a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.  Accordingly, you may find the defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime, and that he

-26-

willfully and knowingly sought by some act to help make the crime succeed.  I will discuss these

terms and aiding and abetting liability later when I instruct you on the firearms offense with

which the defendant is charged.

> Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instrs. 11-1
> and 11-2, and from the charge approved in <u>United</u> <u>States</u> v.
> <u>Stanchich</u>, 550 F.2d 1294 (2d Cir. 1977).  <u>See</u> <u>also</u> <u>United</u> <u>States</u> v.
> <u>Labat</u>, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of
> aiding and abetting liability); <u>United</u> <u>States</u>
> v. <u>Clemente</u>, 640 F.2d 1069 (2d Cir. 1981).

REQUEST NO. 15
Special Interrogatory on Drug Quantity

If you conclude that the Government has met its burden of establishing the

defendant's guilt beyond a reasonable doubt with respect to Count Three of the Indictment, you

will then be required to determine whether the defendant was involved with the distribution of,

or possession with intent to distribute, or that the defendant aided and abetted others in the

distribution of, or possession with intent to distribute, a certain amount of heroin.  You will be

provided with a verdict form that will include spaces for you to indicate your determinations

with respect to drug quantity for Count Three of the Indictment.

You do not need to determine the precise quantity of heroin.  Rather, if you reach

this question, indicate on the verdict form whether the Government has established beyond a

reasonable doubt that the defendant was involved with the distribution, or possession with intent

to distribute, or that the defendant aided and abetted others in the distribution of, or possession

with intent to distribute: (1) 1 kilogram or more of mixtures and substances containing a

detectable amount of heroin; or (2) 100 grams or more, but less than 1 kilogram of mixtures and

substances containing a detectable amount of heroin. As discussed before, your determination

regarding drug quantity, like your determination regarding the defendant's guilt, must be

unanimous and must be reached beyond a reasonable doubt.  If you conclude that the

Government has not proven that the defendant was involved with the distribution, or possession

with intent to distribute, or that the defendant aided and abetted others in the distribution of, or

possession with intent to distribute, at least 100 grams of heroin, then leave the part of the

verdict form governing quantity blank.

See Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v.

-28-

Thomas, 274 F.3d 655 (2d Cir. 2001)(en banc).

REQUEST NO. 16
Using, Carrying, Brandishing, and Possessing Firearms
General Instructions

Count 5 of the Indictment charges the defendant with with knowingly using, carrying, or possessing a firearm during and in relation to the heroin conspiracy charged in Count One.

The firearms counts charge the defendant with knowingly using, carrying, or possessing a firearm during and in relation to the heroin conspiracy charged in Count One.

The relevant statute here provides that any person who, during and in relation to any drug trafficking crime for which he may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, commits a crime.

You can consider the firearms counts only if you find beyond a reasonable dount that the defendant is guilty of the heroin conspiracy charge in Count One.

Adapted from charge of the Honorable Lewis A. Kaplan in
United States v. Jeffrey Otis Redden, 02 Cr. 1141
(S.D.N.Y. July 27, 2004).

REQUEST NO. 17
<u>Using, Carrying, and Possessing Firearms</u>
<u>Elements of the Offense</u>

The Government must prove the following elements beyond a reasonable doubt:

First, that the defendant EDWIN HENRIQUEZ, a/k/a "Carlos," used or carried or possessed a firearm, or any combination of those acts during the period between August 2003 and August 2005.

Second, that defendant EDWIN HENRIQUEZ, a/k/a "Carlos," used or carried the firearm during and in relation to a drug trafficking crime, here, the heroin conspiracy charged in Count One, or that the defendant possessed a firearm in furtherance of the heroin conspiracy.

Third, that the defendant acted knowingly, unlawfully, and willfully.

<u>First Element:</u> <u>"Using," "Carrying" or "Possessing"</u>

The first element the Government must prove beyond a reasonable doubt on the firearms counts is that, at various times as charged in the Indictment, the defendant you are considering used or carried or possessed in furtherance of the heroin conspiracy a firearm.

<u>Firearm</u>

A firearm under the statute means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." In considering the specific element of whether the defendant you are considering used or carried or possessed a firearm, it does not matter whether the firearm was loaded or operable at the time of the crime. Operability is not relevant to your determination of whether a weapon qualifies as a firearm. I instruct you that a gun is a firearm.

-31-

<u>"Use"</u>

In order to prove that a defendant used the firearm, the Government must prove beyond a reasonable doubt an active employment of the firearm by the defendant during and in relation to the commission of the heroin conspiracy. This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm. The mere possession of a firearm at or near the site of the crime without active employment as I just described it is not, however, sufficient to constitute use of the firearm.

<u>"Carry"</u>

In order to prove that a defendant carried the firearm, the Government must prove beyond a reasonable doubt that the defendant had the weapon within his control so that it was available in such a way that it furthered the commission of the crime. The defendant need not have held the firearm physically, that is have had actual possession of it on his person. If you find that the defendant had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the heroin conspiracy, you may find that the Government has proven that the defendant carried the weapon.

<u>"Possession"</u>

Possession of a firearm in furtherance of a drug trafficking crime requires that the defendant possess a firearm and that his possession advance or move forward the crime.

The mere presence of a firearm is not enough. Possession in furtherance requires that the possession be incident to and an essential part of the crime. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

Like before, I want to explain the legal concept of possession. The legal concept of possession may differ from the everyday usage of the term. Actual possession is what most of us think of as possession; that is, having physical custody or control of an object. If you find that a defendant had the firearm on his person, therefore, you may find that he had possession of it. However, a person need not have actual, physical possession -- that is, physical custody of an object -- in order to be in legal possession of it. If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article. This is called "constructive possession."

As discussed earlier, control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item, and another person who has actual physical custody. The person having control "possesses" the firearm because he has an effective working relationship with the people who have actual physical custody of the controlled substance and because he can direct the movement or transfer or disposition of the firearm. In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained. As I said before, a business person may legally possess things that are scattered throughout a number of stores or offices or installations around the country.

-33-

The law also recognizes that possession may be sole or joint.  If more than one person has possession of something, as I have defined possession for you, then possession is joint.

Now, let me repeat some examples of possession.  If I brought in some candy today and left it on my law clerk's desk, I do not physically possess the candy but I do have control over it.  My law clerk also has control over it.  I can be said to "possess" the candy jointly with my law clerk.  And, as I mentioned before, if my father left me a watch when he died, and it is now sitting in a safety deposit box, if my wife and I are the only people who can get into that box, then we still have possession of it.

If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that article.  Proof of ownership is not required to establish possession.

### Second Element: During And In Relation To A Drug Trafficking Crime

The second element that the Government must prove beyond a reasonable doubt is that the defendant you are considering used or carried a firearm during and in relation to the heroin conspiracy charged in Count One, or possessed the firearm in furtherance of a drug trafficking crime.  You are instructed that the offense in Count One qualifies as a drug trafficking crime under the law.  As I previously stated to you, however, you may only find the defendant guilty of Count 5 of the Indictment if you find beyond a reasonable doubt that the defendant is guilty of Count 1 of the Indictment.

### Third Element: "Unlawfully," "Willfully," and "Knowingly"

The final element the Government must prove beyond a reasonable doubt on the

firearms counts is that the defendant you are considering knew that he was carrying or using a firearm and that he acted willfully in doing so.

To satisfy this element, you must find that the defendant had knowledge that what he was carrying or using was a firearm as that term is generally used. An act is done knowingly if done purposefully and voluntarily as opposed to mistakenly or accidentally. You will recall that I instructed you earlier that to determine that someone acted knowingly requires you to make a finding as to that person's state of mind. In order for the Government to satisfy this element, it must prove that the defendant knew what he was doing -- for example, that he knew that he was carrying or using a firearm in the commission of a drug trafficking crime. It is not necessary, however, for the Government to prove that the defendant knew that he was violating any particular law.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 35-80 (1999), and from the charges of the Honorable Peter K. Leisure in United States v. Bradley, 87 Cr. 1005 (PKL) (S.D.N.Y. 1988), aff'd sub nom United States v. Meggett, 875 F.2d 24 (2d Cir. 1989) (specifically approving charge); the Honorable Leonard B. Sand in United States v. Clemente, S3 03 Cr. 150 (LBS) (S.D.N.Y. Nov. 14, 2003), and the Honorable Lewis A. Kaplan in United States v. Jeffrey Otis Redden, 02 Cr. 1141 (S.D.N.Y. July 27, 2004).

REQUEST NO. 18
<u>Aiding</u> <u>and</u> <u>Abetting</u>

With respect to the firearms offenses, as I mentioned earlier, the Indictment also charges each the defendant with what is called "aiding and abetting."

As I discussed earlier, the aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that:

"Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant  physically committed the crime with which he is charged in order for you to find him guilty.  Thus, if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.  Accordingly, you may find the defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person must have committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the

-36-

commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

-- Did he participate in the crime charged as something he wished to bring about?

-- Did he associate himself with the criminal venture knowingly and willfully?

-- Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If he did not, then the defendant is not an aider and abettor, and is not guilty of that offense.

Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instrs. 11-1 and 11-2; and from the charge approved in <u>United</u> <u>States</u> v. <u>Stanchich</u>, 550 F.2d 1294 (2d Cir. 1977).  <u>See</u> <u>also</u> <u>United</u> <u>States</u> v. <u>Labat</u>, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); <u>United</u> <u>States</u> v. <u>Clemente</u>, 640 F.2d 1069 (2d Cir. 1981).

REQUEST NO. 19
Guilt Of Substantive
Offense – *Pinkerton* Liability

There is another method by which you may evaluate the possible guilt of the defendant for Count 5 (the firearms count) of the Indictment--even if you do not find that the Government has satisfied its burden of proof with respect to each element of Count 5 of the Indictment.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant you are considering was a member of a conspiracy charged in Count 1 of the Indictment, then you may also, but are not required to, find him guilty of the firearms count charged in Count 5 of the Indictment, provided that you find that each of the following elements has been proven beyond a reasonable doubt:

First, that the firearms crime charged in Count 5 of the Indictment was committed;

Second, that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

Third, that the firearms crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant you are considering was a member of the conspiracy at the time the firearms crime was committed; and

Fifth, that the defendant could have reasonably foreseen that the firearms crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you

may find the defendant you are considering guilty of the firearms offense, even though he did not

personally participate in the acts constituting the crime or did not have actual knowledge of it.

       The reason for this rule is that a co-conspirator who commits a substantive crime

as part of a conspiracy is deemed to be the agent of the other co-conspirators.  Therefore, all of

the co-conspirators bear criminal responsibility for the commission of the substantive crimes.

       If, however, you are not satisfied as to the existence of any of these five elements,

then you may not find the defendant you are considering guilty of the firearms offense, unless

the Government proves, beyond a reasonable doubt, that the defendant personally committed, or

aided and abetted the commission of, the firearms offense.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-13.  A Pinkerton charge, see Pinkerton v. United States, 328 U.S. 640, 645 (1946), "permits a jury to find a defendant guilty on a substantive count without specific evidence that he committed the act charged if it is clear that the offense had been committed, that it had been committed in the furtherance of an unlawful conspiracy, and that the defendant was a member of that conspiracy."  United States v. Miley, 513 F.2d 1191, 1208 (2d Cir. 1975).

REQUEST NO. 20
<u>Venue</u>

In addition to all of the elements I have described, you must also decide whether any act in furtherance of the charged conspiracy occurred within the Southern District of New York, which includes, among other places, all of Manhattan and the Bronx.  This means, with regard to the conspiracy charged in the Indictment, that you must decide whether the unlawful agreement alleged, or any act committed to further or promote the scheme, occurred within the Southern District of New York.   The defendant need not have been present in the Southern District of New York, as long as an act in furtherance of the conspiracy occurred there.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the conspiracy charged occurred in the Southern District of New York.

> Adapted from the charge of the Hon. Charles S. Haight, Jr., in
> <u>United States</u> v. <u>Rogers</u>, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and
> from Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 3-11.
> <u>See</u> 18 U.S.C. § 3237 general venue provision for offenses
> beginning in one district and ending in another, including mail
> fraud).  <u>See also United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-
> 55 (2d Cir.) (venue is governed by preponderance standard), <u>cert.</u>
> <u>denied</u>, 502 S. Ct. 1014 (1991).

REQUEST NO. 21
<u>Testimony</u> of <u>Cooperator</u> <u>Who</u> <u>Pled</u> <u>Guilty</u>

You have heard testimony from more than one cooperating witness.  You are to draw no conclusions or inferences of any kind about the guilt of the defendant on the charge you are considering from the fact that a cooperating witness pled guilty to that charge.  A witness' decision to plead guilty was a personal decision about his or her own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in crimes.  The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such witnesses is properly considered by the jury.  If such witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these reasons, the law allows the use of cooperator testimony.  Indeed, it is the law in federal courts that the testimony of such a witness may be enough in itself for conviction, if the jury believes that the testimony establishes the guilt of the defendant beyond a reasonable doubt.

However, because of the possible interest such a witness may have in testifying, the testimony should be scrutinized with special care and caution.  The fact that a witness has admitted a crime can be considered by you as bearing upon  his or her credibility.  However, it does not follow that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

-42-

Like the testimony of any other witness, such witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness' demeanor, candor, the strength and accuracy of a witness's recollection, his or her background and the extent to which his or her testimony is or is not corroborated by other evidence in the case.

You may consider whether such a witness -- like any other witnesses called in this case -- has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

In evaluating the testimony of such a witness, you should ask yourselves whether he would benefit more by lying, or by telling the truth. Was his or her testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. However, if, after a careful examination of the testimony and demeanor of the witness on the stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions, Instr. 7-5; from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in United States v. Projansky, 465 F.2d 123, 136-37 n.25 (2d Cir. 1972) (specifically approving charge set forth in footnote). See United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), and United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir. 1977) (same); see also United States v. Swiderski, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

REQUEST NO. 22
Use Of Evidence Obtained Pursuant To Searches

You have heard testimony about evidence seized in various searches. Evidence obtained from those searches was properly admitted in this case, and may be properly considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the guilt of the defendant beyond a reasonable doubt.

Adapted from the charges of Judge Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992) and in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

REQUEST NO. 23
Expert Testimony
(if applicable)

You have heard testimony from what we call an expert witness.  An expert witness is a witness who by education or experience has acquired learning or experience in a science or a specialized area of knowledge.  Such a witness is permitted to give his or her opinion as to relevant matters in which he or she professes to be expert and give his or her reasons for his or her opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinion which was received in evidence in this case and give it as much or as little weight as you think it deserves.  If you should decide that the opinion of the expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of the expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you may disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of the expert is based on sufficient data, education or experience, and the other evidence does not give you reason to doubt the expert's conclusions, you would be justified in placing great reliance on his or her testimony.

Adapted from the charge of the Hon. Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and from the charge of the Hon. Michael B. Mukasey in United States v. Mensah, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

-46-

REQUEST NO. 24
<u>Summary Charts</u>
(if applicable)

The Government has presented one or more exhibits in the form of charts and summaries. These exhibits purport to summarize the underlying evidence that was used to prepare them, and were shown to you to aid you in considering the evidence. They are no better than the testimony or documents upon which they are based. Therefore, you are to give no greater consideration to these charts and summaries than you would give to the evidence on which they are based. And, the captions, if any, in the charts are not evidence.

It is for you to decide whether the charts and summaries correctly present and reflect the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts and summaries as an aid if you find that they are of assistance to you in analyzing and understanding the evidence.

From the charge of the Hon. Kevin Thomas Duffy in <u>United States</u> v. <u>Castellano</u>, SSS 84 Cr. 63, <u>aff'd</u> <u>in</u> <u>part</u> <u>and</u> <u>rev'd</u> <u>in</u> <u>part</u> <u>sub</u> <u>nom</u>. <u>United States</u> v. <u>Gaggi</u>, 811 F.2d 47 (2d Cir. 1987), Tr. at 7019-20.

REQUEST NO. 25

Persons Not on Trial

Some of the people who may have been involved in the events leading to this trial are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons other than the defendant were not named as a defendant in the Indictment. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

> Adapted from Judge Werker's charge in United States v. Barnes et al., S 77 Cr. 190 (Nov. 29, 1977), aff'd, 604 F.2d 121 (2d Cir. 1979), cert. denied, 446 U.S. 907 (1980). Adapted from Judge Pollack's charge in United States v. Bynum, 71 Cr. 1169 (S.D.N.Y. 1971), and from Sand, et al., Modern Jury Instructions, Instr. 3-4. Adapted from the charge of Judge Leisure in United States v. Parra and Ortega, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004).

REQUEST NO. 26
Particular Investigative Techniques

There is no legal requirement that the Government prove its case through any

particular means.  While you are to carefully consider the evidence presented by the

Government, you need not speculate as to why they used the techniques they did, or why they

did not use other techniques.  The Government is not on trial, and law enforcement techniques

are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of

evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

Adapted from the charge of Hon. Pierre N. Leval in United States
v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the
charge of Hon. John F. Keenan in United States v. Medina, 912 Cr.
894 (JFK) (S.D.N.Y. 1992).

REQUEST NO. 27

Stipulations

   In this case you have heard evidence in the form of stipulations of fact and

testimony.  A stipulation of fact is an agreement between the parties that a certain fact is true.

You must regard such agreed facts as true.  A stipulation of testimony is an agreement between

the parties that if the person were called to testify she or he would testify as to what was said in

the stipulation.

      Adapted from the charge of Judge Pierre N. Leval in United States
      v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), aff'd, 21 F.3d
      1228 (2d Cir. 1994), and from Sand, et al., Modern Federal Jury
      Instructions, Instr. 5-6 & 5-7 (1998).

REQUEST NO. 28
<u>Defendant's Right Not to Testify</u>
(if applicable)

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because they did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand <u>et al., Modern Federal</u>
<u>Jury Instructions</u>, Instr. 5-21

REQUEST NO. 29
Defendant's Testimony
(if applicable)

The defendant, EDWIN HENRIQUEZ, a/k/a "Carlos" testified at trial.  You

should examine and evaluate his testimony just as you would the testimony of any witness with

an interest in the outcome of the case.

Adapted from United States v. Gaines, slip. op. No. 04-
5616-cr (2d Cir. July 20, 2006), at 18.

REQUEST NO. 30
Character Witnesses
(if applicable)

During the course of this trial, there has been testimony that the defendant has a reputation for honesty, integrity, and obeying the law.  That testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  The guilt or innocence of the defendant is for you alone to determine, and that should be based on all the evidence you have heard in the case.

> Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).  A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal.  See United States v. Pujana-Mena, supra, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing").  The Second Circuit noted that, "it might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted.  Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime.  In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand."  Id. at 30 (citations omitted).

REQUEST NO. 31
Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the court's time. In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); and the charge of the Honorable John G. Koeltl in United States v. Brooks, 99 Cr. 1027 (S.D.N.Y. Dec. 14, 1999).

REQUEST NO. 32
<u>Law Enforcement Witnesses</u>

You have heard the testimony of law enforcement witnesses.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

REQUEST NO. 33
Uncalled Witnesses

There are people whose names you heard during the course of the trial but did not appear to testify.  Each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should also remember my instruction that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.

REQUEST NO. 34
Statement(s) of Defendant(s)
(if applicable)

There has been evidence that the defendant made statements to law enforcement authorities after their arrests.

Evidence of these statements was properly admitted in this case, and may be properly considered by you. You are to give the statements such weight as you feel they deserve in light of all the evidence, including whether you find the statements were voluntarily made.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 5-19 and - with respect to the third paragraph - the charge of Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context of government's use of tape recordings).

Dated:          New York, New York
                February 5, 2008

                                Respectfully submitted,
                                MICHAEL J. GARCIA
                                United States Attorney for the
                                Southern District of New York
                                Attorney for the United States
                                of America


                          By:_____/s_____
                                MARISSA MOLÉ
                                CHRISTOPHER LAVIGNE
                                Assistant United States Attorneys
                                Telephone: (212) 637-2275/2325

## CERTIFICATE OF SERVICE

CHRISTOPHER LAVIGNE, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That, on February 5, 2008, I caused one copy of the Government's Proposed Voir Dire to be delivered via ECF notification to:

> Alan Kaufman, Esq.
> Kelley Drye & Warren LLP
> 101 Park Avenue
> New York, NY  10178-0002

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
　　　　February 5, 2008

By:_____/s_____
CHRISTOPHER LAVIGNE