# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

WASHINGTON, DC  
CHICAGO, IL  
STAMFORD, CT  
PARSIPPANY, NJ  

BRUSSELS, BELGIUM  

AFFILIATE OFFICE  
MUMBAI, INDIA  

**NEW YORK, NEW YORK 10178**

(212) 808-7800

FACSIMILE  
(212) 808-7897  
www.kelleydrye.com

ALAN R. KAUFMAN  
DIRECT LINE: (212) 808-5195  
EMAIL: akaufman@kelleydrye.com

RECEIVED MAR 14 2008 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J.

USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #: _____  
DATE FILED: 3/17/08

BY FAX (212) 805-7942

March 14, 2008

Honorable Alvin K. Hellerstein  
United States District Court  
Southern District of New York  
United States Courthouse  
500 Pearl Street  
New York, New York 10007

    Re:    United States v. Edwin Henriquez  
            S13 06 Cr. 1014

Dear Judge Hellerstein:

        The government has demanded the return of the 3500 material furnished to counsel in advance of the trial in the above-referenced matter. I initially advised the government that I would return the 3500 material after the sentencing, since I anticipate the likelihood that in connection with the sentencing the government will make assertions of "fact" based on what the accomplice witnesses were prepared to testify to, which "facts" may be subject to contradiction by reference to those accomplices' prior statements contained in the 3500 material. Not having the 3500 material would prevent me from meaningfully contesting the government's pre-sentencing submissions, and deprive the Court of relevant information.

        The government has stated to me that it has a security concern with respect to the safety of its witnesses if it does not retrieve the 3500 material. Assuming for purposes of discussion that the 3500 material somehow increases the jeopardy of the accomplices[1] if it fell

[Handwritten note: At the trial's conclusion, defense counsel's representation... motion is denied without prejudice to later renewal 3/17/08]

---

[1]    It is difficult to see how that can be so, since the defendant knows the identity of the four cooperating witnesses, and has known that information for quite some time, without any harm befalling any of them.

NY01/KAUFA/1270005.1

**KELLEY DRYE & WARREN LLP**

Honorable Alvin K. Hellerstein
March 14, 2008
Page Two

into the wrong hands, I have represented to the government that the 3500 material will not leave the file drawer in my office, and will not be disclosed or in any way shared with any other person including my client. Accordingly, unless my representations are to be disbelieved, the government's security concerns are fully addressed. Moreover, last week, in a further effort to address the government's security concerns, I proposed the following, which should be regarded as a most reasonable solution: I offered to return the 3500 material now on the condition that it be returned to me for the brief period of time needed to respond to the government's pre-sentencing submissions. The government rejected that proposal, for reasons I fail to understand.

The relevant case law, sparse though it is, does not support the government's demand for the immediate return of the 3500 material. Courts in this Circuit have held that there is no statutory basis for the government to demand the return of 3500 material, and have not ordered it. United States v. Harloff, 826 F.Supp. 675 (W.D.N.Y. 1993), citing with approval Judge Leval's opinion in United States v. Badalamenti, 626 F.Supp. 655 (S.D.N.Y. 1985) to the same effect. In United States v. Williams, 2005 WL 664933 (S.D.N.Y. 2005), the defense was permitted to retain "sensitive" 3500 material until the conclusion of all appellate proceedings (and retain "non-sensitive" 3500 material indefinitely). See also, United States v. Basciano, 2006 WL 2270432 (E.D.N.Y. 2006); United States v. Garcia, 406 F.Supp.2d 304 (S.D.N.Y. 2005).

Because there is no statutory basis for the government to demand the return of the 3500 material, because counsel has a demonstrated need in connection with the upcoming sentencing to retain the 3500 material, and because the government's security concern - - to the extent it has any merit - - is satisfied by counsel's representation of non-disclosure, the government's application should be denied.

Very truly yours,

Alan R. Kaufman

ARK:ma

cc:  Marissa Molé, Esq.
     Christopher LaVigne, Esq.

NY01/KAUFA/1270005.1